UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH PENNSYLVANIA,

        Plaintiff,

                                    Case Number 11-11642
v.                                    Honorable David M. Lawson

HM ENVIRONMENTAL SERVICES,

        Defendant,

and

HM ENVIRONMENTAL SERVICES, INC.,

        Counter-claimant,
v.

MICHIGAN MARINE TERMINALS, INC.,

        Counter-defendant,

and

HM ENVIRONMENTAL SERVICES, INC.,

        Third-party plaintiff,

v.

SAV'S WELDING SERVICES, INC.,

        Third-party defendant,
_____/

**ORDER ON MOTIONS CHALLENGING EXPERT WITNESSES**

      This matter is before the Court on eight motions to exclude the testimony of expert witnesses filed by the parties. The Court heard oral argument on the motions on December 18, 2013. During the hearing the Court announced from the bench its decision as to each motion.

Accordingly, it is ordered that the plaintiff's motion to exclude the testimony of defendant HM Environmental Services, Inc.'s expert Curt S. Benefield, Jr. [dkt. #113] is **GRANTED IN PART** for the reasons stated on the record. Benefield may testify as to the standard of practice in the industry for tank inspections and the impact of the record of tank inspections on the fair market value of the storage tanks. He may not testify as to any relationship between inspection practices and the failure of Tank B. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the plaintiff's motion to exclude the testimony of HME's expert Gregory B. Cotten [dkt. #115] is **GRANTED IN PART** for the reasons stated on the record. Cotten's testimony as to the industrial uses of asphalt and market value of the post-fire asphalt is **EXCLUDED**. He may testify as to the chemical condition of the post-fire asphalt. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the plaintiff's motion to exclude the testimony of HME's expert Roger Craddock [dkt. #116] is **DENIED** for the reasons stated on the record.

It is further **ORDERED** that the plaintiff's motion to exclude the testimony of HME's expert Gregory V. Foresi [dkt. #117] is **GRANTED IN PART** for the reasons stated on the record. Foresi's testimony regarding possible sagging or twisting of the coil pack is **EXCLUDED**. The motion is **DENIED** in all other respects.

It is further **ORDERED** that defendant HM Environmental Services, Inc.'s motions to exclude the testimony of plaintiff's experts Russell Ogle and Elizabeth Buc [dkt. #119, 120] are **DENIED** without prejudice for the reasons stated on the record. This is not a definitive ruling, and the Court will entertain a motion to strike or exclude the testimony of either witness at trial if the record is insufficient to establish an adequate foundation and factual basis for their opinions.

It is further **ORDERED** that HME's motion to exclude the testimony of plaintiff's expert James Maxwell [dkt. #121] is **GRANTED IN PART** for the reasons stated on the record. Maxwell may testify as to his opinion about the point of origin of the fire and the elimination of alternative sources of ignition as a result of his investigation. He also may testify that he is familiar with the opinions of the plaintiff's other experts. He may not offer any opinion as to the cause or mechanism of ignition of the fire. The motion is **DENIED** in all other respects.

It is further **ORDERED** that HME's motion to exclude the testimony of plaintiff's expert Mark Brennan [dkt. #122] is **GRANTED IN PART**. Brennan's opinion that no valve leak occurred prior to the fire is **EXCLUDED**. If a sufficient foundation and factual basis for such an opinion is presented at trial, then the parties may seek a sidebar conference to revisit the scope of Brennan's testimony. The motion is **DENIED** in all other respects.

                                                                s/David M. Lawson
                                                                 DAVID M. LAWSON
                                                                 United States District Judge

Dated: December 18, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 18, 2013.

                                       s/Shawntel Jackson
                                       SHAWNTEL JACKSON